## GREEN v. UNITED STATES.

### Nos. 304, 305, Dockets 22120, 22121.

United States Court of Appeals
Second Circuit.

Argued Sept. 14, 1951.
Decided Oct. 30, 1951.

---

Carol King, of New York City, for defendant-appellant.

Roy M. Cohn and James B. Kilsheimer, III, Asst. U. S. Attys., both of New York City (Irving H. Saypol, U. S. Atty., and Albert A. Blinder and Robert Martin, Asst. U. S. Attys., all of New York City, on the brief), for appellee.

Before CHASE, CLARK, and FRANK, Circuit Judges.

CLARK, Circuit Judge.

This is a consolidated appeal from two contempt orders carrying concurrent sentences of six months' imprisonment. The orders grew out of proceedings had when four of the defendants whose conviction was affirmed in Dennis v. United States, 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed 1137, failed to appear for surrender to start service of their terms of imprisonment. After the bonds of the fugitives were called the district judge caused to be brought before him three of the trustees of the Bail Fund of the Civil Rights Congress of New York who had furnished the bail and, upon their refusal to answer certain inquiries and produce certain records, found them in contempt in proceedings affirmed herewith. United States v. Field, Hammett, and Hunton, 2 Cir., 193 F.2d 92. Thereafter Field was separately found in contempt for failure to comply with directions of a Grand Jury investigating the escape of the fugitives, and that order is also affirmed herewith in the second companion case of United States v. Field, 2 Cir., 193 F.2d 109. This is a third of such proceedings and developed when defendant Green, another trustee of the Bail Fund, was called before the same Grand Jury.

Defendant Green had been previously questioned about the books and records of the Bail Fund on July 3, 6, and 9, 1951, by the judge then presiding. This particular proceeding began when a subpoena *duces tecum* was served on him on July 19 requiring him to bring before the Grand Jury the books, documents, and records of the Bail Fund. His failure to produce any records, even though he was directed to proceed, and did return, to his office on July 23 for the purpose, led to his being brought before the district judge below on the same afternoon, with a like direction, and further appearances on July 25 and 27. Beginning on July 23 the Grand Jury had directed him to produce certain records of the American Committee for the Protection of the Foreign Born, of which he was Executive Secretary, because of the apparent connection between the Bail Fund and this committee. Defendant objected that these records were not material to the investigation, and stated that he had made no effort to produce any of them. Finally on July 27 he was specifically directed to produce the records, particularly of contributors to their funds, before the Grand Jury on the following Monday morning, and then stated: "I regret, your Honor, that I find myself in a position where I

will not obey the direction of the Court." Upon hearing this answer the judge found him in contempt and sentenced him to the six months' term of imprisonment. This is the first order.

The second order was entered against him on July 30 after four separate appearances before the Grand Jury and resulting appearances before the judge below in connection with the Grand Jury's direction to him to produce books and records of the Bail Fund of which he was a trustee. He produced no records and, even though directed to return to his office, admitted that he made only a perfunctory search at best, his excuse being that the books were actually in the possession of Field, who had already gone to jail for the contempts mentioned above. The second contempt order followed as the judge expressed the view that it strained credulity to believe that he had made any effort to obtain the books.

Unlike the companion contempt proceedings cited above, this appeal presents no constitutional problems since defendant claimed no constitutional privileges whatsoever. In fact it presents very little by way of issue of law, since the chief problems involved were those of the proper deductions to be made from the facts and from the defendant's disclosed attitude. Actually the only matter for review is the reasonableness of the deductions made by the judge and his consequent actions. There seems so little question involved that the reason for pressing the appeal is not apparent.

█ The objections made to the first order are two: (1) that the records in question were not material to the Grand Jury's inquiry and (2) that the direction of the court was inadequate, not being contained in a formal subpoena and calling only for a statement of intention as to the future. In other proceedings in this connection it has been stated that a witness is not entitled to question the materiality of questions put to him. Nelson v. United States, 201 U.S. 92, 114, 26 S.Ct. 358, 50 L. Ed. 673, cited by Justice Reed in denying bail in United States v. Field et al., 193 F. 2d 86. It is now urged that this rule does not obtain with reference to a Grand Jury

investigation, since there no pleadings define the issue of materiality and no judge is present to take the responsibility of restraining the scope of investigation, citing 8 Wigmore on Evidence 151, 152, 3d Ed. 1940. We need not, however, pursue this interesting inquiry, because we are convinced that the documents here sought were material.

The general materiality of records showing the contributors to the Bail Fund has been brought out in the companion cases herewith. Here the judge concluded that there was a showing of sufficient presumptive identity between the Bail Fund contributors and those for the American Committee for the Protection of the Foreign Born to justify the inquiry, relying on such matters as Green's official connection with both funds, the occupation of offices in the same building, owned by Field, the use by Green of an American Committee letterhead to answer an inquiry concerning the Bail Fund, and other like indications of identity. We think the judge was justified in drawing an initial inference of identity, which, of course, could have been repelled by definite testimony showing separation of function and activities. But when, instead of such testimony, the court was met with open defiance, he was naturally justified in concluding further that the trail was warm and the inquiry proper.

The second ground strikes us as hardly better than a quibble. We know of no requirement that the judge, on a third and fourth attempt to secure compliance with his orders, must write a mandate, rather than give an oral direction, for the relevant records or why the court could not take the defendant's assertion of defiance at its own face value. Even on the suggestion that these formalistic processes would have given defendant and his counsel more time to study his course of conduct, the contention seems without point. For the defendant in all his various appearances before the court and the Grand Jury had complete warning as to what specifically was wanted of him and the certain consequence of defiance. His refusal was clearly planned and deliberate.

A like conclusion was justified as ·to his contention, with respect to the second order, that Field, already in jail for contempt, had the records and that it was no use for him to search for them. That a defendant trustee had so little regard for the responsibilities of his position as to know nothing whatsoever of the location of what were necessarily his own, as well as his co-trustees', official records does seem sufficiently strange as to suggest excuse, rather than fact. So the judge appropriately directed renewed efforts of search for the missing records to be made. When the defendant returned showing that he had made at most only a token search of his and Field's offices, not even looking in the desks or the files, and that he proposed to make no further search whatsoever, the contempt was clear. The fact that another judge nearly a month earlier had declined to hold him in contempt under the circumstances then shown had nothing to do with the present matter.

Affirmed.